UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JACOB SIMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 2:14-CV-2224-SLB |
| | ) |
| **CM FOOD SERVICE, L.L.C.,** doing | ) |
| business as Michael's Restaurant; et al, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On July 7, 2016, the court ordered defendant Charles Matsos to appear and show cause why he should not be sanctioned for failing to appear for a Status Conference as ordered by the court. (Doc. 37.)[1] Mr. Matsos again failed to appear or to otherwise contact the court. After his attorney was allowed to withdraw, Mr. Matsos has repeatedly and willfully failed to appear and has unreasonably delayed and/or interfered with expeditious management of this case.[2] The court finds that a lesser sanction would not serve the interests of justice as, despite numerous opportunities, Mr. Matsos has refused to participate in this matter.

Rule 16(f) provides "the court may issue any just orders, including those authorized

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] In addition to failing to appear for the July 7, 2016, Status Conference, Mr. Matsos did not respond to the court's Order of November 11, 2015. (Doc. 32.)

by Rule 37(b)(2)(A)(ii)-(vii),[3] if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . ." Fed. R. Civ. P. 16(f)(1)(A). "The sanctions contained in Rule 16(f) were designed to punish . . . parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *DIRECTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)(quoting *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985)).

The court finds that, pursuant to Fed. R. Civ. P. 16(f), entry of a default judgment in favor of plaintiff and against defendant Charles Matsos is warranted under the facts and

---

[3]Rule 37(b)(2)(A)(ii)-(vii) provides:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

2

circumstances. *See Giovanno v. Fabec*, 804 F.3d 1361, 1365-66 (11th Cir. 2015). A separate Order entering a default judgment and allowing plaintiff time to file a statement of damages and attoreneys' fees will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 18th day of August, 2016.

_____
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE