UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JACOB SIMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:14-CV-2224-SLB |
| | ) |
| **CM FOOD SERVICE, L.L.C.,** doing business as Michael's Restaurant; **P.R. MICHAEL'S L.L.C.; MICHAEL'S HOMEWOOD, L.L.C.; RUSTY CREEL; CHARLES MATSOS; CANNON PRICKETT,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Set Aside Entries of Default, (doc. 47),[1] filed by defendants Charles Matsos, CM Food Service, LLC, and PR Michael's LLC [hereinafter defendants]. For the reasons set forth below, the Motion to Set Aside will be denied.

Rule 55(c) of the Federal Rules of Civil Procedure, provides, in relevant part, "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In this Circuit –

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one — but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default. However, ***if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief***.

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996)(internal quotations and citations omitted; emphasis added).

"[D]iligence is the key to satisfying the good cause requirement." *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012)(citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

Defendants contend that the entries of default should be set aside because they did not receive the court's Orders following the withdrawal of their counsel. Matsos testified:

> At some point I learned that Sirote was asking the Court for permission to withdraw. I understand [defendants' lawyer] requested this of the Court in September 2015 and so I suspect I learned of this around that time. Although I was medically unable to personally handle my business affairs at that tine, I recall being under the impression that I would receive something from the Court to let me know what I was required to do.

(Doc. 47-1 ¶ 2.) Between March 2015 and January 2016, Matsos's business and personal affairs were handled by individuals with his power of attorney. (*Id*. ¶ 7.) At the time counsel withdrew, he provided the court with two addresses for the defendants: 2314 Brook Manor Drive in Mountain Brook, Alabama, as Charles Matsos's home address; and 15 Office

2

Park Drive, Ste 14, in Mountain Brook, Alabama, as Matsos's work address and the address for CM Food Services and PR Michaels. Defendants contend Matsos moved from the Brook Manor home in June 2015. (*Id*. ¶ 4.) They also contend that CM Food Service and PR Michaels moved from Office Park on September 1, 2015. (*Id*. ¶ 8.) There is no evidence that defendants requested the U.S. Postal Service to forward their mail, despite knowledge of the pending lawsuit against them. None of the Orders mailed to the Brook Manor or Office Park addresses have been returned to the court.

The court takes judicial notice of the fact that the Alabama Secretary of State's records show that the mailing address for CM Food Service, PR Michaels, and their registered agent, Charles Matsos, remains 15 Office Park Circle, Ste 140.[2] *See* Fed. R. Evid. 201(b)(2); *see also Birmingham Plumbers & Steamfitters Local 91 Pension Plan v. Iron Mountain Construction, Inc.*, Case No. 2:15-CV-0499-MHH, 2016 WL 4137972 *3 n.2 (N.D. Ala. Aug. 4, 2016)("Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact that is not subject to reasonable dispute if it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). The information found on the website of the Alabama Secretary of State falls within the purview of Rule 201(b)(2)."). The court notes that Matsos concedes that he never updated the address on file with the Secretary of State before filing his Motion to Set

---

[2] http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?page=number&num1=284-610; http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?page=number&num1=288-906.  These websites were last visited on November 14, 2016.

Aside. (Doc. 47-1 ¶ 8.) Also, although he testified that he updated the addresses on September 1, 2016, (*id.*), as of November 14, 2016, the mailing addresses for CM Food Service, PR Michael's and Matsos, as their registered agent, remained 15 Office Park Circle, Ste 140. See, *supra*, note 2.

Even if the court assumes the Orders were misdirected and never reached defendants, the court finds that failing to update the court and the postal service with proper addresses constitutes reckless disregard for this judicial proceeding. Under similar circumstances, another district court in this Circuit found:

> Defendants contend that they did not receive copies of Plaintiff's motions because their corporate headquarters changed locations during the pendency of this action. However, Defendants offer no account of the fate of the mail delivered to their previous address. It appears that Defendants would have the Court believe that the post office would simply continue to deliver mail to an address where it was clear the mail was not being collected. And, even if the Court accepted Defendants' explanation that the mail was being left at the previous address, Defendants nevertheless had a duty to provide a forwarding address and to update the address of their registered agent with the State of Florida.
>
> Finally, Defendants have failed to establish that they had any procedural safeguards in place or acted diligently in protecting their interests. . . . Defendants did not assert that they took any actions to apprise themselves of the status of the case or to monitor its progress. Additionally, Defendants' explanation regarding their failure to receive Plaintiff's motions or a copy of the final default judgment demonstrates further negligence on behalf of Defendants in diligently protecting their interests. This conduct, or lack thereof, demonstrates more than mere negligence and rises to the level of culpable behavior. *See SEC v. Simmons,* 241 F. App'x 660, 664 (11th Cir. 2007)(recognizing that "a party has a duty to monitor the progress of his case"); *Sloss Indus. Corp.* [*v. Eurisol*], 488 F.3d [922,] 935 [11th Cir. 2007)](noting that the Eleventh Circuit has "consistently held that where internal procedural safeguards are missing, a defendant does not have a 'good reason' for failing to respond to a complaint").

> If not for Defendants' systemized negligence, the Court would be inclined to set aside the default judgment in the interest of resolving this case on the merits. Although the record does not demonstrate substantial prejudice to either the parties or to efficient judicial administration, this lack of prejudice does not reconcile Defendants' failure to proffer a sufficient explanation for their failure to protect their interests in this case. *See Nat'l R.R. Passenger Corp. v. Patco Transp., Inc.,* 128 F. App'x 93, 95 (11th Cir. 2005)(upholding a district court's finding that a failure to employ minimum procedural safeguards for responding to a complaint did not constitute excusable neglect).

*Claytor v. Mojo Grill & Catering Co. of Belleview, LLC*, No. 5:14-CV-411-OC-30PRL, 2015 WL 1538111 *3-4 (M.D. Fla. Apr. 7, 2015).

The court finds, in light of their lack of diligence and reckless disregard for this proceeding, defendants, Matsos, CM Food Service, and PR Michael's, have not demonstrated good cause to set aside the entries of default. Therefore, the Motion to Set Aside Entries of Default will be denied.

The court finds that these defendants should be given an opportunity to challenge the amount of plaintiff's claimed damages and attorneys' fees prior to entry of the default judgment. Therefore, in its Order denying defendants' Motion to Set Aside, the court will set deadlines for defendants' opposition.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendants have failed to show good cause sufficient to set aside the entries of default. An Order denying defendants' Motion to Set Aside Entries of Default, (doc. 47), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 16th day of November, 2016.

*/s/ Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE